UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| BRENDAN GOWING, INC. | § | CASE NO. 24-32631 |
| And | § | (Jointly Administered) |
| BRENDAN F. GOWING | § | CASE NO. 24-32633 |
| And | § | |
| CATHERINE H. GOWING, | § § | |
| DEBTORS | § | |

**PRIORITY SERVICES, INC.'S MOTION TO DECLARE STAY INAPPLICABLE OR ALTERNATIVELY, TO LIFT STAY AGAINST PROPERTY AGAINST ALL OF THE <u>JOINTLY ADMINISTERED DEBTORS</u>**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THE COURT HAS SET AN ELECTRONIC HEARING ON THIS MATTER ON JULY 9, 2024 AT 1:30 P.M. IF YOU WISH TO ATTEND THE HEARING, AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE RODRIGUEZ'S CONFERENCE ROOM NUMBER IS 999276. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE RODRIGUEZ HOME PAGE. THE MEETING CODE IS "JUDGERODRIGUEZ".**

TO THE HON. EDUARDO RODRIGUEZ,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Priority Services, Inc. ("Movant") files this Motion To Declare Stay Inapplicable or

Alternatively, Motion For Relief From Stay Against Property (the "Motion"), and would respectfully show unto the Court as follows:

## SUMMARY OF MOTION

1. Because the Debtors' small business cases were each dismissed within 2 years of these latest June 4, 2024 bankruptcy filings, the automatic stay did not come into effect upon the filing of these cases under 11 USC section 362(n). Movant seeks a Court order confirming no stay came into effect upon these bankruptcy case filings.

2. Alternatively, the stay must be lifted for cause as Movant's interests are not adequately protected because Brendan Gowing, Inc's schedules show no income from the Property to fund a plan or to pay real property taxes upon the Property and the individuals Debtors' financials show no funds allocated to pay federal or real property taxes or payments to Movant and insufficient income to fund a confirmable plan of reorganization. Further, the Debtors' have over $4.2 million in IRS tax liens against the Property, which affects Movant's collection rights relating to the Property.

3. For these reasons, the stay must be declared inapplicable or terminated in its entirety as to Movant, the bankruptcy estates, the Debtors and the Property.

## JURISDICTION

4. The Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 105, 362 and 361.

## RELEVANT FACTS

5. On or about June 4, 2024 Brendan Gowing, Inc. ("BGI") filed under chapter 11 of title 11, Subchapter V, United States Code, Case No 24-32631.

6. In addition, on June 4, 2024, Brendan and Catherine Gowing filed their joint

voluntary chapter 11 petitions under chapter 11 of title 11, United States Code, Case No 24-32633. The individual Debtors are the owners of BGI and comakers of the Note owned by Movant.

7. On June 6, 2024, the Court entered an order jointly administering the 2 cases, under Case No 24-32631 [Docket No. 8].

8. Movant is the current owner and holder of that certain Real Estate Lien Note, dated June 26, 2009, in the original principal amount of $750,000 executed by makers, Brendan Gowing, Inc, Brendan Gowing and Catherine Gowing, as extended by that certain Extension of Real Property Lien, duly recorded in the Harris County Real Property Records at File No. RP-2023-144183 (the "Note"). The Note is secured by that certain Deed of Trust, covering certain real property located in Harris County, Texas with a street address of 3600 Michaux, Huston, TX 77009, and all improvements thereon, as more fully described in the Deed of Trust (the "Property"), and recorded in the Harris County Real Property Records at File No. 20090322170.

9. The Note was endorsed to Movant and the Deed of Trust assigned to Movant pursuant to that certain Assignment, dated November 10, 2023, recorded in the Harris County Real Property Records at File No. RP-2023-432798. Accordingly, Movant is now the owner and holder of the note and the beneficiary under the Deed of Trust.

10. Copies of the Note, the Deed of Trust, the Note Extension and Assignment of Note are attached hereto as Exhibits 1, 2, 3 and 4 and incorporated herein for all purposes.

11. These are the second chapter 11 bankruptcy cases filed by Debtors in calendar year 2024 to stop Movant's duly scheduled foreclosure sales on the Property. The first cases, filed on January 1, 2024, Case Nos. 24-30002 filed by BGI and Case No 24-30003 filed by the Gowings individually, were all filed as small business Chapter 11 cases (the "First Bankruptcy Cases"). After the Court dismissed the cases with prejudice by Order entered February 21, 2024 [Docket No. 52],

the Debtors filed a Motion for Reconsideration, in which they agreed to the dismissal, but not with prejudice to refiling. After hearing on March 26, 2024, the Court reconsidered its February 21, 2024 Order by Order entered March 26, 2024, and dismissed the cases without prejudice [Docket No 65].

12. After the First Bankruptcy Cases were dismissed, Movant posted the Property for an April 2, 2024 foreclosure sale. Instead of filing new bankruptcy cases to stay the April 2, 2024 foreclosure sales, Debtors filed suit in Harris County District Court, styled *Brendon Gowing, Inc. v Priority Services, Inc.*, Cause No 2024-20380, In the 165th Judicial Court of Harris County, Texas (the "State Court Lawsuit"), and obtained an *ex parte* Temporary Restraining Order from the state court enjoining the April 2, 2024 foreclosure sale. Due to a medical emergency by BGI's counsel, the Court extended the TRO *ex parte* until a temporary injunction hearing set for April 29, 2024. However, Debtors chose not to proceed with the Temporary Injunction hearing in state court and filed a motion to nonsuit the State Court Lawsuit on May 29, 2024. The Order of Nonsuit Without Prejudice was signed on May 31, 2024. As a result of the TRO's entered in the State Court Lawsuit, the foreclosure sale was further delayed for 2 months, April and May 2024, in addition to the 3-month delay caused by the filing of the First Bankruptcy Cases. Copies of the 2 TROS and Order of Nonsuit are attached hereto as Exhibits 5, 6 and 7 and incorporated herein for all purposes.

13. Movant reposted the Property for a June 4, 2024 foreclosure sale. These latest bankruptcy filings by Debtors allegedly stayed the June 4, 2024 foreclosure sale for a third consecutive month. A copy of the foreclosure posting notice is attached as Exhibit 8 and incorporated herein for all purposes.

14. As of the Filing Date of June 4, 2024, Movant was owed $686,710.44 in principal and past due interest, consisting of $470,103.97 in principal, plus $214,356.47, in accrued and unpaid interest, plus $2,250.00. In addition, Movant is entitled to recover its attorney's fees and

expenses as authorized under the Note from Debtors in the amount of $43,127.78 as of the Filing Date, due to protracted litigation in state court and litigation in the First Bankruptcy Cases. Movant is also entitled to recover postpetition interest at the default rate of interest plus additional attorney's fees and expenses. A copy of the payment history is attached as Exhibit 9 and incorporated herein for all purposes.

15. In the First Bankruptcy Cases, the Internal Revenue Service ("IRS") filed a Proof of Claim, Claim No. 2, in the total amount of $5,023,137.59, of which $4,148,499.24 was filed as secured; $496,213.53 as unsecured priority and $378,424.82 as a general unsecured claim. These IRS claim amounts do not include additional interest and penalties for the more than 6 month period between the filing of the First Bankruptcy Cases and these cases. Further, in the First Bankruptcy Cases, the Debtors admitted they had not filed any tax returns since 2018. In addition, Debtors have not paid real property taxes for several years with the 2022 paid by the lienholder on the Property and the 2023 taxes, in the amount of $138,506.69, unpaid and past due with penalties and interest charged against the Property each month. Finally, Debtors testified at the 341 meeting in the First Bankruptcy Cases that their sole business is renting out the Property as a special events venue, but it appears all revenue from the property rental goes to Ms Gowing, and not the title owner BGI, and there is no lease agreement between BGI and Ms Gowing allowing Ms Gowing to rent the Property. The financial documents filed in the individual cases show no line items for payment of debt such as Movant's, or payment of real property taxes, or payment of income taxes. It appears the only payments by Debtors were for line items for 'Owner draws" of $48,246.51 and Personal expenses and healthcare of $27,582.51 and $3,160.93. It is clear that the Debtors are using the land to pay their personal expenses and support their life style without paying income or real property taxes, or paying Movant. Copies of the IRS proof of claim filed in the First Bankruptcy Cases, and the 2023

tax statements on the Property are attached hereto as Exhibits 10 and 11 and incorporated herein for all purposes.

## LEGAL ARGUMENT

16. 11 USC section 362(n) provides:

(1) Except as provided in paragraph (2), subsection (a) does not apply in a case in which the debtor—…
   (B) was a debtor in a small business case that was dismissed for any reason by an order that became final in the 2-year period ending on the date of the order for relief entered with respect to the petition;…

17. It is uncontested that the First Bankruptcy Cases were small business chapter 11 cases. It is uncontested that they were dismissed within 2 years of the June 4, 2024 filing. Accordingly, the stay did not come into effect in these cases unless an exception applies. *See In re Abundance Life Worship Co. of Hinesvill, GA, Inc.*, 2020 Bankr. LEXIS 3517 (Bankr. S.D. Ga. Dec. 16, 2020); *In re MCC Humble Auto Paint, Inc.*, 2012 Bankr. LEXIS 5256 (Bankr. S.D. Tex. Nov. 9, 2012)(Stay did not come into effect in second case when small business case was dismissed within 2 years of latest case filing).

18. The exceptions are set forth in 11 USC section 362(n)(2) are as follows:

(2) Paragraph (1) does not apply—

   (A) to an involuntary case involving no collusion by the debtor with creditors; or

   (B) to the filing of a petition if—
      (i) the debtor proves by a preponderance of the evidence that the filing of the petition resulted from circumstances beyond the control of the debtor not foreseeable at the time the case then pending was filed; and
      (ii) it is more likely than not that the court will confirm a feasible plan, but not a liquidating plan, within a reasonable period of time.

19. None of the exceptions apply to these cases. These cases were not involuntary filings. Second, the filings did not result from circumstances beyond the Debtors' control because the Debtors had full knowledge that Priority was pursuing its foreclosure rights as to the

Property due to nonpayment of Movant's debt. Finally, based on the large amounts of secured debt on the Property, there does not appear to be a feasible plan that would not result in liquidation of the Property, so that exception is inapplicable.

20. For these reasons, the stay is inapplicable in these cases and the Court should enter an order confirming this fact.

21. Alternatively, and without waiving the foregoing, to the extent the stay is applicable in these cases, cause exists to lift the automatic stay under 11 USC section 362(d)(1) as to all of the Debtors in these jointly administered cases due to lack of adequate protection of Movant's interest in the Property. The Debtor have failed to pay the past due 2023 real property taxes and the Property is generating no income to pay either the past due 2023 or 2024 real property taxes on the Property, the Debtors have huge IRS tax liens and BGI has no income to make payments on Movant's debt.

22. Movant's interest in the Property is not adequately protected because (a) 2023 real property taxes are past due on the Property in the amount of $138,506.69, with no ability of Debtors to pay these taxes; and (c) it appears that Debtors are not current in their Internal Revenue Service tax return filings with the IRS holding liens against the corporate debtor in excess of $4.2 million from 2014 through 2019. Movant is not adequately protected when the taxes are not paid, and the IRS is owed millions of dollars in back taxes by the 3 Debtors. The individual debtors' filings show no line items for payments to federal income or real property taxing authorities or to Movant, but more than $60,000 paid to Debtors Brendan and Catherine Gowing for "owner draws", "personal expenses" and "personal healthcare". Debtors are clearly using the business as their personal piggy bank without paying the IRS, the real property taxes or Movant. Accordingly, cause exists to lift the stay on the Property as to all of the Debtors' interests in the Property.

23. While the Debtors may allege the equity cushion protects Movant, as of the filing of the Motion, there are no contracts for purchase of the Property, which will likely be difficult to obtain because of the IRS tax liens recorded against the Property. Moreover, every day that the taxes are unpaid erodes any alleged equity cushion, such that the value of Movant's secured claim is diminishing on a daily basis.

24. For these reasons, the automatic stay as to Brendan Gowing, Inc, Brendan Gowing and Catherine Gowing must be terminated as to the Property in favor of Movant because (a) Movant's interests is not adequately protected because (i) there is insufficient income to pay the 2023 and 2024 real property taxes; (ii) the large IRS tax liens and failure to pay IRS taxes affects Movant's interests in the Property and (iii) Debtors history of paying their personal expenses as owner draws, and failure to pay their creditors.

25. For the same reasons, Movant seeks lifting of the automatic stay as to the individual debtor as comakers of the Note, and as to any alleged interest of the individual Debtors, Brendan Gowing and Catherine Gowing in the Property. The individual Debtors, may claim a legal or equitable interest in the Property by virtue of the fact they are the owners of BGI, and/or that they are comakers on the Note.

26. In conclusion, cause exists to terminate the automatic stay under 11 USC section 362(d)(1) and for any reason under applicable law.

27. Movant has incurred attorney's fees and expenses which are recoverable under its Loan Documents and applicable law.

28. Movant requests that the 14 day stay of any order lifting stay be waived.

WHEREFORE PREMISES CONSIDERED Priority Services, Inc. respectfully requests that the Court enter an Order declaring the Automatic Stay inapplicable to the Debtors, Movant, the bankruptcy estates and the Property, as defined herein, or alternatively, terminating the Automatic Stay, as to the Debtors, Movant, the bankruptcy estates and the Property, as defined herein, and all property as defined in Movant's Deed of Trust, which secures the Priority Services, Inc. indebtedness, including, but not limited to, conducting a foreclosure sale on the Property and related assets, and taking all actions to obtain possession of the Property and related assets, under applicable law and its Loan Documents, for the reasons set forth herein, and for such other and further relief as the Court deems just.

Respectfully submitted,

/s/ Preston T. Towber
Preston T. Towber
State Bar No. 20152600; Fed ID: 8217
The Towber Law Firm, PLLC
1111 Heights Blvd
Houston, Texas 77008
Tel: (832) 485-3555
Fax: (832) 626-3953
preston@towberlaw.com
ATTORNEY FOR PRIORITY SERVICES, INC.

## CERTIFICATE OF CONFERENCE

The undersigned certifies that he emailed Debtors counsel, Robert (Chip) Lane on June 5, 2024 at 6:11 pm. Mr Lane responded by email sent June 7, 2024 at 9:51 am that he opposed the Motion.

/s/ Preston T. Towber

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of this Motion to Declare Stay Inapplicable to Alternatively, Motion to Lift Stay has been served upon the parties on the attached service list, either by United States Mail, postage prepaid or electronically by the Court, on this the 11th day of June 2024.

                                          /s/ Preston T. Towber

```
Label Matrix for local noticing        Brendan Gowing, Inc.              Harris County
0541-4                                 17912 Country Walk Drive          Linebarger Goggan Blair & Sampson LLP
Case 24-32631                          Spring, TX 77379-6169             c/o Jeannie Lee Andersen
Southern District of Texas                                               P.O. Box 3064
Houston                                                                  Houston, TX 77253-3064
Tue Jun 11 13:15:03 CDT 2024
                                                                         Brendan F. Gowing
                                                                         17912 Country Walk Drive
                                                                         Spring, TX 77379-6169


Brendan Gowing, Inc.                   Catherine H. Gowing               City of Houston Water Department
3600 MICHAUX                           17912 Country Walk Drive          5212 Clinton Drive
Houston, TX 77009-6028                 Spring, TX 77379-6169             Houston, TX 77020-7910



Harris County Tax Assessor             Harris County, et al              Internal Revenue Service
PO Box 4663                            P.O. Box 2848                     P.O. Box 7346
Houston, TX 77210-4663                 Houston, TX 77252-2848            Philadelphia, PA 19101-7346



Susan Fuertes
Assistant County Attorney
Harris County Attorney's
Office
Attention: Property Tax
Division
P.O. Box 2848
Houston, Texas 77252

                                                                         US Trustee/Christopher Travis
                                                                         Office of the US Trustee
                                                                         515 Rusk Ave
                                                                         Ste 3516
                                                                         Houston, TX 77002-2604


Chris Quinn                            Robert C Lane
Subchapter V Trustee                   The Lane Law Firm
26414 Cottage Cypress Lane             6200 Savoy Dr Ste 1150
Cypress, TX 77433-1596                 Houston, TX 77036-3369
```

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0541-4<br>Case 24-32633<br>Southern District of Texas<br>Houston<br>Tue Jun 11 13:16:11 CDT 2024 | | Ally Bank<br>c/o AIS Portfolio Services LLC<br>4515 N Santa Fe Ave Dept APS<br>Oklahoma City, OK 73118-7901 |
| (p)AMERICREDIT FINANCIAL SERVICS DBA GM FINAN<br>PO BOX 183853<br>ARLINGTON TX 76096-3853 | | BHB Funding<br>5550 Glades Road<br>Boca Raton, FL 33431-7205 |
| (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | | Brody Gowing<br>17912 Country Walk Drive<br>17912 Country Walk Drive<br>Spring, TX 77379-6169 |
| Capital One<br>Bankruptcy Dept<br>PO Box 30285<br>Salt Lake City, UT 84130-0285 | Conn's<br>PO Box 2358<br>Beaumont, TX 77704-2358 | Credit One Bank/AMEX/VISA<br>PO Box 98873<br>Las Vegas, NV 89193-8873 |
| | | GM Financial<br>4001 Embarcadero Drive<br>Arlington, TX 76014-4106 |
| Honebrook<br>539 Bryan Street, Suite 200<br>San Francisco, CA 94107-1269 | ISI Commercial Refrigeration LLC<br>PO Box 167<br>Houston, TX 77001-0167 | ISI Commercial Refrigeration LLC<br>PO Box 654020<br>Dallas, TX 75265-4020 |
| | Mercedes-Benz Financial Services USA LLC<br>PO Box 5260<br>Carol Stream, IL 60197-5260 | OnDeck Capital<br>4700 W. Daybreak Pwy Suite 200<br>South Jordan, UT 84009-5133 |
| | | Ruth Collins<br>c/o William J. Rice, Jr.<br>2040 North Loop West Suite B<br>Houston, TX 77018-8127 |
| Spirit Airlines Credit<br>PO Box 84064<br>Columbus, GA 31908-4064 | Sue Hueske<br>18218 Hampton Oak Court<br>Spring, TX 77379-6152 | |
| U.S. Small Business Administration (SBA) - A<br>Little Rock Commercial Loan Servicing Ce<br>2120 Riverfront Drive 100<br>Little Rock, AR 72202-1794 | | Wells Fargo Bank<br>MAC F82535-02F<br>PO Box 10438<br>DesMoines, IA 50306-0438 |