United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 26, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-32631 |
| BRENDAN GOWING, INC. | § | |
| and | § | |
| BRENDAN F. GOWING | § | |
| and | § | |
| CATHERINE H. GOWING, | § | |
| Debtors. | § | Jointly Administered |
| | § | CHAPTER 11 |

## MEMORANDUM OPINION

Priority Services Inc. moves this Court to either (1) make a finding pursuant to § 362(n)(1)(B) that the stay is inapplicable in light of Debtors' previously dismissed small business cases, or, in the alternative, find that its interests are not adequately protected and lift the automatic stay pursuant to § 362(d)(1). Debtors' contend that § 362(n) is inapplicable because the current case was brought under subchapter V, and that Priority Services Inc.'s interests are adequately protected because the value of its interest in the property at issue is not declining. For all of the reasons discussed *infra*, the Court finds that all elements of § 362(n)(1)(B) are satisfied, that no exception applies, and that the automatic stay never came into effect in the instant subchapter V Case as to any of the Debtors. As such, the Court need not consider Priority Services Inc.'s alternative argument under § 362(d)(1).

### I. BACKGROUND

1. On January 1, 2024, Brendan Gowing, Inc. filed for bankruptcy protection as a small business debtor as defined in 11 U.S.C. § 101(51D), chapter 11 of the Bankruptcy Code[1] (the "*Corporate Small Business Debtor Case*"). On the same date, Brendan F. Gowing and Catherine H. Gowing (together with Brendan Gowing, Inc., "*Debtors*") also filed for bankruptcy protection as small business debtors as defined in 11 U.S.C. § 101(51D), chapter 11 of the Bankruptcy Code (the "*Individual Small Business Debtors*") (together the "*Debtor's First Bankruptcy*").[2]

2. On January 4, 2024, the Court entered an order for joint administration of the Debtors in the Small Business Case.[3]

---

[1] Case No. 24-30002. Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e.§) thereof refers to the corresponding section in 11 U.S.C.
[2] *See* Case No. 24-30003, ECF No.1.
[3] *See* Case No. 24-30002, ECF No. 8.

3. On February 21, 2024, Debtors' First Bankruptcy was dismissed with prejudice.[4]

4. On March 20, 2024, the Debtors obtained new counsel who filed an "Emergency Motion for Relief From Judgment Dismissing the Case with Prejudice."[5]

5. On March 26, 2024, and after a contested hearing, the Court granted the relief requested, vacated the dismissal with prejudice and entered an order dismissing Debtors' First Bankruptcy without prejudice to refiling.[6]

6. On June 4, 2024 (the "*Petition Date*") Brendan Gowing, Inc. filed for bankruptcy protection under subchapter V, chapter 11 of the Bankruptcy Code initiating the bankruptcy case. On the same date, Brendan F. Gowing and Catherine H. Gowing also filed for bankruptcy protection under subchapter V, chapter 11 of the Bankruptcy Code (jointly "*Subchapter V Case*").[7]

7. On June 6, 2024, the Court entered an order directing joint administration of the Debtors in the Subchapter V Case.[8]

8. On June 11, 2024, Priority Services, Inc. ("*Priority*") filed "Priority Services, Inc.'s Motion to Declare Stay Inapplicable or Alternatively, To Lift Stay Against Property Against All of The Jointly Administered Debtors" (the "*Motion*") as against the 3600 Michaux, Huston, TX 77009 property (the "*Property*").[9]

9. On July 1, 2024, Debtors filed their "Debtor's Response to Priority Services, Inc's Motion to Declare Stay Inapplicable or Alternatively Lift Stay" ("*Response*")[10]

10. On July 9, 2024, the Court held a hearing and now issues its instant Memorandum Opinion.

## II. JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and exercises its jurisdiction in accordance with Southern District of Texas General Order 2012–6.[11] Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[12] This court determines that pursuant to 28 U.S.C. § 157(b)(2)(A), (G) and (O) this proceeding contains core matters, as it involves proceedings concerning the administration of this estate

---

[4] *See* Case No. 24-30002, ECF No. 52.
[5] *See* Case No. 24-30002, ECF No. 57.
[6] *See* Case No. 24-30002, ECF No. 65.
[7] Any reference to ECF No. refers to Case No. 24-32631. ECF No.1.
[8] ECF No. 5.
[9] ECF No. 16.
[10] ECF No. 35.
[11] *In re*: *Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).
[12] 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).

and motions to terminate, annul or modify the automatic stay.[13] This proceeding is also core under the general "catch-all" language because a motion to lift the automatic stay is the type of proceeding that can only arise in the context of a bankruptcy case.[14]

This Court may only hear a case in which venue is proper.[15] Pursuant to 28 U.S.C. § 1408(1), venue is proper in this case. While bankruptcy judges can issue final orders and judgments for core proceedings, absent consent, they can only issue reports and recommendations on non-core matters.[16] The motion to lift the automatic stay pending before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G) and (O). Alternatively, this Court has constitutional authority to enter a final order because all parties in interest have consented, impliedly if not explicitly, to adjudication of this dispute by this Court.[17] None of these parties has ever objected to this Court's constitutional authority to enter a final order or judgment. These circumstances unquestionably constitute implied consent. Thus, this Court wields the constitutional authority to enter a final order here.

### III. ANALYSIS

#### A. Priority's Motion

Priority Services Inc. moves this Court to either (1) make a finding pursuant to § 362(n)(1)(B) that the stay is inapplicable in light of Debtors' previously dismissed Small Business Case, or, in the alternative, (2) find that its interests are not adequately protected and lift the automatic stay pursuant to § 362(d)(1).[18] Debtors contend that § 362(n) is inapplicable because the current case was brought under subchapter V, and that Priority Services Inc.'s interests are adequately protected because the value of their interest in the

---

[13] *See* 11 U.S.C. § 157(b)(2)(A) (G) & (O).
[14] *See Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under § 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.") (quoting *Wood v. Wood (In re Wood),* 825 F.2d 90, 97 (5th Cir. 1987)).
[15] 28 U.S.C. § 1408.
[16] *See* 28 U.S.C. §§ 157(b)(1), (c)(1); *see also Stern v. Marshall*, 564 U.S. 462, 480 (2011); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1938–40 (2015).
[17] *Wellness Int'l Network, Ltd. v. Sharif,* 575 U.S.655, 135 S. Ct. 1932, 1947, 191 L.Ed.2d 911 (2015) ("*Sharif* con-tends that to the extent litigants may validly consent to adjudication by a bankruptcy court, such consent must be expressed. We disagree. Nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express. Nor does the relevant statute, 28 U.S.C. § 157, mandate express consent . . . .").
[18] ECF No. 16.

property at issue, 3600 Michaux, Houston, TX 77009 ("*Property*"), is fully secured and not declining in value.[19] The Court will consider each in turn.

1. **Whether, pursuant to § 362(n), the stay is inapplicable in light of Debtors' previously dismissed small business case**

Priority contends that because Debtors' First Bankruptcy case was dismissed within two years of the present subchapter V case being filed that the automatic stay never came into effect pursuant to § 362(n)(1)(B).[20] Debtors, without explanation, citation, or analysis, contend that because the present case was brought under subchapter V that § 362(n) is inapplicable to the present case.[21] Section 362(n) provides:

> **(n)(1)** Except as provided in paragraph (2), subsection (a) does not apply in a case in which the debtor--
> **(A)** is a debtor in a small business case pending at the time the petition is filed;
> **(B)** was a debtor in a small business case that was dismissed for any reason by an order that became final in the 2-year period ending on the date of the order for relief entered with respect to the petition;
> **(C)** was a debtor in a small business case in which a plan was confirmed in the 2-year period ending on the date of the order for relief entered with respect to the petition; or
> **(D)** is an entity that has acquired substantially all of the assets or business of a small business debtor described in subparagraph (A), (B), or (C), unless such entity establishes by a preponderance of the evidence that such entity acquired substantially all of the assets or business of such small business debtor in good faith and not for the purpose of evading this paragraph.
> **(2)** Paragraph (1) does not apply--
> **(A)** to an involuntary case involving no collusion by the debtor with creditors; or
> **(B)** to the filing of a petition if--
> **(i)** the debtor proves by a preponderance of the evidence that the filing of the petition resulted from circumstances beyond the control of the debtor not foreseeable at the time the case then pending was filed; and
> **(ii)** it is more likely than not that the court will confirm a feasible plan, but not a liquidating plan, within a reasonable period of time.

First, the Court notes that section (n)(1) of the statute is disjunctive as indicated by the "or" at the end of subsection (n)(1)(C). As such, 362(n) applies if any subsection (1)(A)-(D) is satisfied. Counsel for the Debtors, at the hearing, seemed to suggest that § 362(n) would only apply if the current case is a small business case,[22] but this reading runs directly contrary to the plain language of the statute and is without basis. Regardless of what the current case was designated as, the relevant inquiry is if the prior case was a

---

[19] ECF No. 35.
[20] ECF No. 16.
[21] ECF No. 35.
[22] July 9, 2024, hearing testimony.

small business case. As is relevant here, under § 362(n)(1)(B) the automatic stay does not come into effect if three elements are satisfied: (a) the debtor was a debtor in small business case; (b) that case was dismissed; and (c) the order dismissing that case became final in the two-year period ending on the date of the order for relief.[23] The Court will briefly consider each in turn.

1. **Whether Debtors' were debtors in a prior small business case**

Here, the first element is satisfied, as there is no dispute that Debtors' First Bankruptcy was in fact a small business case. In their petitions filed on January 1, 2024, all Debtors indicated that they were small business debtors under 11 U.S.C. § 101(51D).[24] Pursuant to Rule 1020(a) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), "the status of the case as a small business case shall be in accordance with the debtor's statement under this subdivision, unless and until the court enters an order finding that the debtor's statement is incorrect."[25] No party in interest objected to the Debtor's statement under Bankruptcy Rule 1020(b), and the Court never entered an order finding the Debtor's statement incorrect. Therefore, Debtors' First Bankruptcy was a small business case, satisfying the first element under 11 U.S.C. § 362(n)(1)(B).

2. **Whether Debtors' prior case was dismissed**

On February 21, 2024, Debtors' First Bankruptcy was dismissed with prejudice.[26] Upon motion and order the dismissal with prejudice was vacated and the case was dismissed without prejudice on March 26, 2024.[27] Thus, the second element is satisfied.

3. **Whether the order dismissing the prior case became final in the two-year period ending on the date of the order for relief**

The order dismissing Debtors' First Bankruptcy was entered on March 26, 2024, which was within the two-year period preceding the filing of the instant case on June 4, 2024. That order is also now a final order.

---

[23] 11 U.S.C. § § 362(n)(1)(B).
[24] 11 U.S.C. 101(51C); *See also* 24-30002, ECF No. 1.
[25] Fed. R. Bankr. P. 1020(a).
[26] Case No. 24-30002, ECF No. 52.
[27] Case No. 24-30002, ECF No. 65.

Although unargued by Debtors, the Court will briefly consider if an exception to § 362(n)(1) applies.

4. **Whether an exception to § 362(n)(1) applies in this case**

As discussed, there are two exceptions to § 362(n)(1) located in § 362(n)(2):

**(2)** Paragraph (1) does not apply--
**(A)** to an involuntary case involving no collusion by the debtor with creditors; or
**(B)** to the filing of a petition if--
**(i)** the debtor proves by a preponderance of the evidence that the filing of the petition resulted from circumstances beyond the control of the debtor not foreseeable at the time the case then pending was filed; and
**(ii)** it is more likely than not that the court will confirm a feasible plan, but not a liquidating plan, within a reasonable period of time.

First, as discussed, the Court notes that Debtors did not argue that either exception applies in the present case.[28] Furthermore, because this is not an involuntary case section (A) does not apply, and section (B) is not satisfied because Debtors' failed to demonstrate by a preponderance of evidence that it will confirm a feasible non-liquidating plan within a reasonable period of time. In fact, by their own admission, Debtors indicate that it is their intention to sell the Property, which is its only significant asset of the estate, to pay creditors.[29]

Accordingly, the Court finds that all elements of § 362(n)(1)(B) are satisfied, that no exception applies, and that the automatic stay never came into effect in the instant subchapter V Case as to any of the Debtors. As such, the Court need not consider Priority's alternative argument under § 362(d)(1).

### IV. CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED July 26, 2024

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

[28] *See* ECF No. 35.
[29] *See id.* at 2.